DISSENTING OPINION
It is important to note that in this case, the sole evidence of defendant's intoxication was the testimony of the arresting officer. This case is a "refusal" case whereby the state must rely heavily upon the believability of the police officer to prove its case. The jury then must weigh the testimony of the officer where, as here, he testifies to the actions of the defendant. Therefore, a critical element of this entire proceeding is the believability of the officer. Any evidence which would either support or refute his recollection, including his observations of the defendant's speed, speech and demeanor, is not only relevant, it is critical.
The trial court not only excluded two witnesses who wanted to contradict the testimony of the officer, but went as far as to caution trial counsel "[d]on't argue with me * * *" when counsel challenged the ruling in a forthright and respectful manner. For the majority to now fault counsel for not making a proffer in such a scenario seems inconsistent at best.
Trials are never perfectly orchestrated presentations. They are, however, the best system yet devised to ferret out the truth. Any witness who has relevant testimony should be permitted to testify, and our faith in the jury system should encompass a belief that they are capable of weighing the evidence. In the present case, defendant was not permitted to place his evidence before the jury and in a criminal prosecution that can rarely ever be called harmless error.